UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

Brian Ferguson,                                                                    Civ. No. 5:10-cv-63

          Petitioner,

v.                                                                                          **MEMORANDUM AND ORDER**

Warden, FCC Coleman-Low,

          Respondent.

_____

This matter is before the Court on a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. (Doc. 1 at 17.) After review, the Court denies the Petition.

**BACKGROUND**

On September 1, 1987, the United States District Court for the Eastern District of Wisconsin sentenced Petitioner to an aggregate term of 14 years for armed bank robbery and bank larceny. (Resp. Pet. Ex. A.) On February 22, 1996, Petitioner was released from the Federal Correctional Institution in Oxford, Wisconsin via mandatory release pursuant to 18 U.S.C. § 4163 with 1,803 days remaining on his sentence. (Id. Ex. B.)

On May 17, 1996, Petitioner was arrested (id. Ex. A), and on June 4, 1996, the United States Parole Commission ("Commission") issued a violation warrant charging new criminal conduct. (Id. Ex. C.) Following a jury trial, the United States District Court for the Eastern District of Wisconsin convicted Petitioner of conspiracy to commit bank robbery and aiding and abetting bank robbery and on November 8, 1996, sentenced Petitioner to 175 months in prison. (Id. Ex. A at 1.)

The Commission's June 4, 1996, violator warrant had been placed as a detainer against Petitioner. (Id. Ex. E.) On August 28, 2009, Petitioner was released from his 1996 sentence, and the Commission's violator warrant was executed the same date. (Id. Ex. C at 2.) An institutional hearing was held on October 21, 2009, at United States Penitentiary Coleman in Coleman, Florida, where Petitioner was incarcerated when released from the 1996 sentence. (Id. Ex. H.) Following the hearing, the Commission issued a notice of action dated December 16, 2009, revoking Petitioner's mandatory release, denying credit for time Petitioner spent on release, and ordering Petitioner's continued incarceration until expiration of the balance of the 1987 sentence. (Id. Ex. I.) Petitioner appealed the revocation decision to the National Appeals Board, which affirmed. (Id. Ex. K.)

In this Petition, Petitioner argues that he is illegally detained because the 1987 sentence for which he is currently detained expired in January 2001 (Doc. 1 at 2-4), and that he was entitled to a local revocation hearing after release from the 1996 sentence. (Doc. 17 at 3.) Petitioner generally objects to the conditions of his confinement and the Bureau of Prisons' failure to accurately compute Petitioner's release date on its website. (Id. at 4-5.)

**DISCUSSION**

Petitioner brings this Petition under 28 U.S.C. § 2241. This is the "appropriate vehicle to challenge a decision of the federal Parole Commission" or other decisions regarding a federal prisoner's sentence. Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (citing Hajduk v. United States, 764 F.2d 795, 796 (11th Cir.

1985)). "This is so because challenges to the execution of a sentence, rather than the validity of the sentence itself, are properly brought under § 2241." Id. (citing Bishop v. Reno, 210 F.3d 1295, 1304 (11th Cir. 2000)).

A.  **Expiration of Petitioner's 1987 Sentence**

Petitioner claims that he is being illegally detained because his 1987 sentence expired in January 2001. (Doc. 1 at 4.) Petitioner also objects to the fact that he is being detained on the basis of repealed statutes. (Doc. 24 at 1.) The Commission, however, had authority to revoke Petitioner's parole for the 1987 sentence and run the 1987 sentence and 1996 sentence consecutively.

The United States Parole Commission, an office of the Department of Justice, is responsible for granting or denying parole to individuals convicted of federal crimes prior to November 1, 1987. Jurisdiction over these cases was conferred by chapter 311 to title 18 of the United States Code. Though chapter 311 was repealed effective November 1, 1987, chapter 311 was to initially "remain in effect for five years after the effective date as to an individual convicted of an offense . . . before the effective date . . . ." Sentencing Reform Act of 1984, Pub. L. No. 98-473, § 235(b)(1), 98 Stat. 2032. The Sentencing Reform Act was thereafter repeatedly amended to extend the Commission's jurisdiction, and the applicability of chapter 311, through November 1, 2011. See, e.g., United States Parole Commission Extension Act of 2008, Pub. L. No. 110-312, 122 Stat. 3013. Thus, Petitioner was not detained on the basis of any repealed statutes.

The terms of Petitioner's parole for his initial fourteen-year sentence, imposed on September 1, 1987, are governed by now-repealed provisions of the United States Code,

title 18, chapter 311, as enacted in 1976. While incarcerated for the 1987 conviction, Petitioner was "entitled to a deduction from the term of his sentence" ten days for every month served in good conduct. 18 U.S.C. § 4161 (1976). As a result, on February 22, 1996, Petitioner was released pursuant to the mandatory release provision with 1,803 days remaining to be served on this initial sentence. Id. During his mandatory release, Petitioner was to be "deemed as if released on parole until the expiration of the maximum term . . . for which he was sentenced less one hundred and eighty days." Id. § 4164.

As discussed, Petitioner was arrested eighty-five days after his release, and the Commission issued a parole revocation warrant on June 4, 1996. On November 8, 1996, the United States District Court for the Eastern District of Wisconsin sentenced Petitioner to 175 months in prison, and on December 23, 1996, the Commission permissibly placed the warrant "against him as a detainer." Id. § 4214(b)(1); see also Goodman v. Keohane, 663 F.2d 1044, 1046-47 (11th Cir. 1981). The Commission supplemented the warrant on January 14, 1997, and issued a notice of action dated June 12, 1997, allowing the detainer to stand.

Because the Commission issued the warrant after a criminal conviction, Petitioner was entitled to a revocation hearing "within ninety days of the date of retaking." 18 U.S.C. § 4214(c) (1976); see Moody v. Daggett, 429 U.S. 78, 88-89 (1976) (holding that a hearing on a parole violator warrant may be heard "at the expiration of the parolee's intervening sentence" without violating any of the parolee's constitutional rights). The Commission was entitled to hold Petitioner's revocation hearing after the expiration of the 1996 sentence. Petitioner was released from his 1996 sentence on August 28, 2009,

and Petitioner's institutional revocation hearing was held on October 21, 2009, at United States Penitentiary Coleman, to which Petitioner had been confined following his 1996 conviction.[1]

On December 16, 2009, the Commission issued a notice of action revoking Petitioner's mandatory release on the basis of the 1996 conviction. (Resp. Pet. Ex. H. at 2, 7.) Finding "[a] departure from the guidelines . . . not warranted,"[2] the Commission ordered that Petitioner's incarceration be extended until the expiration of his 1987 sentence, for an additional forty-two months from the date of the order. (Id. at 7.)

When a parolee is convicted of a crime subsequent to release, "the Commission shall determine . . . whether all or any part of the unexpired term being served at the time of parole shall run concurrently or consecutively with the sentence imposed for the new offense." 18 U.S.C. § 4210(b)(2) (1976). The Commission decided that Petitioner had not served any of the balance of the remaining 1987 sentence concurrently with the 1996 sentence. "It is established that if a federal prisoner on parole commits a second federal offense for which he is convicted and sentenced, that imprisonment under the second offense in a federal prison does not count as time served as part of his original sentence." Tanner v. Moseley, 441 F.2d 122, 123-124 (8th Cir. 1971); see also Moody v. Daggett, 429 U.S. at 87-88.

---

[1] Petitioner was represented by an Assistant Federal Public Defender at the institutional revocation hearing. (Resp. Pet. Ex. H. at 1.)

[2] While serving his 1996 sentence, Petitioner was cited for twenty disciplinary infractions, some of which were found to be "quite serious." (Id. at 2-7.)

This Court will not overturn the Commission's decision to run Petitioner's sentences consecutively. See King v. U.S. Parole Comm'n, 744 F.2d 1449, 1451-52 (11th Cir. 1984) ("Congress and the courts have bestowed upon the Parole Commission extensive discretion regarding parole decisions. . . . The decision to revoke parole and the decision on the length of the subsequent parole revocation sentence are decisions to be made by the Parole Commission."); see also D'Amato v. U.S. Parole Comm'n, 837 F.2d 72, 78-79 (2d Cir. 1988). The Commission noted that Petitioner's revocation sentence was "6 months below the bottom of the guidelines." (Resp. Pet. Ex. H. at 7.)

**B.      Petitioner's Institutional Revocation Hearing**

Petitioner asserts that the Commission should have afforded Petitioner "a local revocation hearing in Milwaukee, Wisconsin." (Doc. 17 at 3.) Petitioner misinterprets the requirements of 18 U.S.C. § 4214.

Petitioner would only be entitled to a "local" revocation hearing to determine the existence of probable cause that Petitioner violated a condition of his parole. 18 U.S.C. § 4214(a)(1)(A) (1976) (mandating "a preliminary hearing at or reasonably near the place of the alleged parole violation or arrest"). The requirement for a "local" preliminary hearing, however, does not apply when a parolee is convicted of a criminal offense subsequent to release. See id. at (a)(1). Such conviction "shall constitute probable cause" for revocation, terminating the necessity of the "local" preliminary hearing. Id. at (b)(1); see also Goodman, 663 F.2d at 1046-47 (holding that § 4214(b) "eliminate[s] the requirement of a probable-cause hearing prior to revocation hearings where there has been a new criminal conviction"). Where a parolee's criminal conviction is the probable

cause for revocation, "[t]he Commission may conduct [the revocation] hearing at the institution to which he has been returned." 18 U.S.C. § 4214(c) (1976). Petitioner's institutional hearing at the United States Penitentiary Coleman satisfied the statutory requirements.

C.   **Cruel and Unusual Punishment**

In Petitioner's filings with this Court, Petitioner frequently objects to the fact that he is in "lockdown" in USP Coleman's Special Housing Unit ("SHU"). (See, e.g., Doc. 17 at 4-5.) Petitioner alleges that he had been in SHU since October 1, 2009 (Id. at 4), and that he was in SHU as of May 23, 2010. (Doc. 24 at 1.)

At some point, Petitioner was transferred to United States Penitentiary Lee in Jonesville, Virginia. (See Doc. 26, 28.) On June 24, 2010, Petitioner wrote a letter to inform this Court he had been transferred to USP Lee. (Doc. 26.) On October 5, 2010, Petitioner wrote a letter to the Court requesting to be transferred from USP Lee to the Federal Correctional Institution in Tallahassee, Florida, pending the outcome of this action. (Doc. 28.) Given the level of generality with which Petitioner described the alleged maltreatment at USP Coleman, and the fact that no similar issues were raised in his June 24, 2010, or October 5, 2010, letters from USP Lee, this Court will assume that Petitioner's Eighth Amendment claim is moot.

D.   **Petitioner's Release Date Has Been Computed by the Bureau of Prisons**

Petitioner contends that the Bureau of Prisons ("BOP") has failed to compute his release date. (Doc. 17 at 4.) However, a search for Petitioner's name on the Federal Bureau of Prisons' website shows Petitioner's actual or projected release date is January

10, 2013. Petitioner's sentence has been computed, and any objection to the contrary is moot. (See Resp. Pet. at 8.)

**CONCLUSION**

For the foregoing reasons, the Court determines that the Petition for a Writ of Habeas Corpus must be denied. Accordingly, **IT IS HEREBY ORDERED that**:

1. The Petition for Writ of Habeas Corpus (Doc. No. 1, 17) is **DENIED**; and

2. This action is **DISMISSED WITH PREJUDICE**.

**The Clerk shall enter judgment accordingly, terminate all remaining deadlines as moot, and close the file.**

Dated: November 3, 2011

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge